IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GIACOMETTO RANCH INC. a Montana Corporation, TOM GIACOMETTO, a resident of Montana, and ROBERT GIACOMETTO, a resident of South Dakota,<br><br>Plaintiffs,<br><br>vs.<br><br>DENBURY ONSHORE LLC, a Delaware Corporation, and DENBURY OPERATING COMPANY, a Delaware Corporation,<br><br>Defendants. | CV 16-145-BLG-SPW-KLD<br><br>FINDINGS and RECOMMENDATION<br><br>and<br><br>ORDER |

This matter is before the Court on Plaintiff's Motion to Compel Discovery (Doc. 107), Defendants' Motion for Judgment as a Matter of Law that Plaintiffs Cannot Require Defendants to Plug and Abandon the Minnelusa 3 & 4 Wells (Doc. 111), Plaintiffs' Motion for Partial Summary Judgment (Doc. 118), Defendants' Cross-Motion for Judgment as a Matter of Law (Doc. 126), and Plaintiffs' Motion to Strike Defendants' Cross-Motion for Judgment as a Matter of Law (Doc. 137).

1

### I.     Background

This case arises from a long-standing commercial relationship between Plaintiffs Giacometto Ranch, Tom Giacometto and Robert Giacometto ("Giacomettos") and Defendants Denbury Onshore LLC and Denbury Operating Company ("Denbury"). The background facts of the commercial relationship and the current dispute are more particularly set forth in Doc. 78, and are summarized here for context.

Giacometto Ranch is a 20,000-acre cattle and farming ranch located in Powder River County, Montana. Denbury conducts oil production operations in the Bell Creek Field in southeastern Montana, and is the operator of oil and gas wells located on Giacometto Ranch. Beginning in 1966, the Giacometto family began leasing some of their mineral interests in the property to Denbury's predecessors in interest for oil and gas production. Over the years, different agreements and amendments to agreements were executed, which assigned various rights relating to use of the surface property in connection with oil and gas operations.

In 1991, the Bureau of Land Management ("BLM") and the Montana Board of Oil and Gas Commissioners ("MBOGC") approved the Bell Creek Consolidated (Muddy) Unit Agreement ("Unit Agreement"), which covers lands owned by the Giacomettos, and which was ratified by John and Catherine Giacometto.

Denbury, which operates the Bell Creek Unit and is the current leaseholder of the rights to the oil and gas beneath the Giacometto Ranch, began enhanced oil recovery operations ("EOR") in the Bell Creek Unit in 2013.

The current case was initially filed in 2016, and the operative pleading is now the Fourth Amended Complaint ("FAC"), filed on December 3, 2021. The FAC was filed largely to conform Giacomettos' pleading to rulings issued by the Court. The Giacomettos assert 14 claims seeking injunctive and declaratory relief, as well as damages, for Denbury's use of the surface estate, alleged breach of lease agreements, and violations of Montana's Surface Owner Damage and Disruption Compensation Act ("SODDCA").

## II. Discussion

### A. Motions for Judgment as a Matter of Law

The issues argued by the parties in Denbury's Motion for Judgment as a Matter of Law (Doc. 107), Giacomettos' Motion for Partial Summary Judgment (Doc. 118), and Denbury's Cross-Motion for Summary Judgment (Doc. 126) arise from a singular theory of liability: whether the very fact of Denbury's operations of the Minnelusa 3 and Minnelusa 4 injection wells are a trespass as a matter of law.

Denbury initially filed its motion for judgment as a matter of law, seeking an order precluding Giacomettos from seeking an order or verdict requiring Denbury

to plug and abandon the Minnelusa 3 and 4, or recover any damages related to the same. Denbury asserts that, upon receipt of Giacomettos' expert reports, it learned that Giacomettos were seeking damages based on the cost of plugging, abandoning and restoring both wellsites. (Docs. 113 at 5 and 114-2 at 5-6). Rather than filing a substantive response to Denbury's motion, Giacomettos filed their own Motion for Partial Summary Judgment, in which they argued the operation of the Minnelusa 3 and Minnelusa 4 wells constitutes a trespass, and asserted they will seek damages for that trespass at trial. (Doc. 119 at 3).

In response, Denbury filed a Cross-Motion for Partial Summary Judgment, in which it argued that Giacomettos did not plead their claims in relation to Denbury's ability to inject into the Minnelusa formation. (Doc. 126). Although Denbury conceded that the FAC does assert that the Minnelusa 3 was illegally operated by Denbury because of the contents of the injections, Denbury argued Giacomettos did not plead that the very existence of the Minnelusa 3 was a trespass or in violation of the law. *See generally* Doc. 143. Denbury additionally noted that the FAC does not claim the Minnelusa 4 is being illegally operated, and thus argued it did not have notice that Giacomettos' claims relating to the Minnelusa 3 and Minnelusa 4 were actually based on the argument that injection into the Minnelusa formation itself is a trespass for which Giacomettos are seeking

damages. Giacomettos moved to strike Denbury's cross-motion, arguing it was filed after the motions deadline. (Doc. 137).

Whether a party adequately pled a claim is a threshold issue which the Court must determine. Federal Rules of Civil Procedure 8(a)(1) and 8(a)(2) require that the allegations in the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought . . ." In other words, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (citation omitted). New claims, or theories of liability, are not appropriately raised at the summary judgment stage. *Flagstone Dev., LLC v. Joyner*, CV-08-100-BLG-RFC, 2011 U.S. Dist. LEXIS 4600 at *8 (D. Mont. January 18, 2011).

At oral argument, counsel for Giacomettos conceded that FAC does not contain a specific claim for trespass for the fact of the injection into the Minnelusa formation, but noted that it is an issue of law that the Court can determine regardless of whether it was plead in the FAC. Giacomettos urge the Court to find a trespass as a matter of law in the interest of judicial efficiency, as they will simply have to file another lawsuit if it is not determined in the current case. However, that is not the standard under notice pleading and the law, which limit

5

the Court to considering those claims actually pled. This case has been ongoing for six years, with multiple amendments to the pleadings. At some point, the parties must simply proceed on the causes of action and defenses actually pled. Because Giacomettos did not plead claims alleging the mere fact of injection into the Minnelusa formation is a trespass, they are not entitled to seek damages on that basis. Accordingly, the motions seeking a determination that Denbury is or is not trespassing by virtue of injecting into the Minnelusa 3 and Minnelusa 4 should be denied, other than to the extent the FAC does allege that Denbury illegally operated the Minnelusa 3 injection well by injecting substances prohibited by law and with a damaged casing. *See* FAC ¶¶ 109-125; 173; 186; 205.[1] Additionally, Denbury's Motion for a Judgment as a Matter of Law that Giacomettos cannot require Denbury to plug and abandon the Minnelusa 3 and 4 wells should be granted to the extent those claims have not been pled and as such cannot be the basis of damages in this case. The Court is not making any findings as to the viability of those claims, but is simply recommending that the motion be granted because those claims are not properly before the Court in this case.

//

---

[1] The FAC alleges numerous other instances of trespass, none of which are relevant to the pending motions and which are not affected by the Court's recommendations.

## B. Giacomettos' Motion to Compel

The Giacomettos filed a motion to compel, seeking an order compelling production of documents withheld by Denbury during discovery. *See* Docs. 107-108. On June 23, 2022, the Court heard oral argument on the motion, during which the parties were able to agree to the production of some of the categories of documents, and further that the Court should conduct an in-camera review of documents which had been withheld as attorney-client or attorney work-product documents. Denbury submitted documents and the Court reviewed them in camera.

The Court held a status conference on July 27, 2022 conference, during which the parties advised the Court of the status of resolution of the remaining discovery issues. The parties advised the Court that Denbury had provided additional documents without redactions for attorney/client privilege and work product, that Denbury had produced all emails in native format with attachments, and that the parties could resolve the issue relating to production of the ArcGIS map without involvement from the Court. *See* Doc. 155. Denbury agreed to produce text messages from the custodians identified in Doc. 141-12, other than messages related to previously dismissed claims. Giacomettos agreed to review the ongoing production and determine if there were any additional issues with emails and privileged documents. As a result of the parties' ongoing efforts, Denbury

7

again submitted documents for in camera review to determine if they were appropriately redacted for attorney/client privilege or work product.

The Court held another status conference on September 12, 2022, during which the parties and the Court discussed the ongoing production. While the parties had been diligently working to address the remaining discovery requests, there were still outstanding production issues that had not been resolved. Although the parties had previously agreed to the production of the ArcGIS map without further Court intervention, the map still had not been produced and Giacomettos requested a court order compelling production of the map. The Court instructed Denbury to produce certain documents from the in camera review by September 16, 2022, and additionally gave the parties until September 16th to address remaining issues relating to the dissemination of litigation related information in documents that were redacted as well as text messages from employees' phones.

The Court has had no additional information from the parties since the deadline expired, and presumes that the parties have been able to resolve the few remaining issues. Accordingly, the Court finds that it is appropriate to compel the production of the ArcGIS map, but further finds that the remainder of Giacomettos' Motion to Compel is moot based on the parties' efforts and productions since the June 23, 2022 hearing.

### III. Conclusion

For the reasons discussed above,

IT IS ORDERED that Giacomettos' Motion to Compel Discovery (Doc. 107) is GRANTED as to the production of the ArcGIS map and DENIED as MOOT to all other issues.

IT IS RECOMMENDED that (1) Denbury's Motion for Judgment as a Matter of Law that Plaintiffs Cannot Require Defendants to Plug and Abandon the Minnelusa 3 and 4 Wells (Doc. 111) be GRANTED as noted above; and that Plaintiffs' Motion for Partial Summary Judgment (Doc. 118), Defendants' Cross-Motion for Judgment as a Matter of Law (Doc. 126), and Plaintiffs' Motion to Strike Defendants' Cross-Motion for Judgment as a Matter of Law (Doc. 137) be DENIED.

DATED this 30th day of September, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge