IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GIACOMETTO RANCH INC., a Montana Corporation, TOM GIACOMETTO, a resident of Montana, and ROBERT GIACOMETTO, a resident of South Dakota<br><br>Plaintiffs,<br><br>vs.<br><br>DENBURY ONSHORE LLC, a Delaware Corporation, and DENBURY OPERATING COMPANY, a Delaware Corporation,<br><br>Defendants. | CV 16-145-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Before the Court are United States Magistrate Judge Kathleen DeSoto's Findings and Recommendations, filed January 4, 2024. (Doc. 255). Judge DeSoto recommended the Court grant in part and deny in part Plaintiffs Giacometto Ranch Inc.'s, Tom Giacometto's, and Robert Giacometto's Motion to Hold Denbury in Contempt, to Sanction Denbury, and to Continue Trial of Plaintiffs (Doc. 169).

The parties were required to file written objections within 14 days of the filing of Judge DeSoto's Findings and Recommendations. 28 U.S.C. § 636(b)(1). Neither Plaintiffs nor Defendants objected to the Findings and Recommendations, and so

1

waived their right to de novo review of the record. *See* 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *Government of Guam v. Guerrero*, 11 F.4th 1052, 1059 (9th Cir. 2021) (quoting *C.I.R. v. Duberstein*, 363 U.S. 278, 291 (1960)). After reviewing the Findings and Recommendations, this Court does not find that Judge DeSoto committed clear error.

Accordingly, IT IS HEREBY ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 255) are ADOPTED IN FULL. Plaintiffs Motion (Doc. 169) is (1) GRANTED as to sanctions for the spoilation of evidence, and the jury shall receive a permissive adverse inference instruction; (2) GRANTED as to reasonable attorney fees associated with bringing the spoilation claim; and (3) DENIED as to all other issues.

DATED this 19th day of January, 2024.

SUSAN P. WATTERS
United States District Judge