IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

GIACOMETTO RANCH INC., a Montana Corporation, TOM GIACOMETTO, a resident of Montana, and ROBERT GIACOMETTO, a resident of South Dakota,

Plaintiffs,

vs.

DENBURY ONSHORE LLC, a Delaware Corporation, and DENUBURY OPERATING COMPANY, a Delaware Corporation,

Defendants.

CV 16-145-BLG-SPW

ORDER

Before the Court is Defendants Denbury Onshore LLC's and Denbury Operating Company's (collectively, "Denbury") Motion in Limine on Evidence of Areas of Damage that are not Included in the Fourth Amended Complaint ("FAC"). (Doc. 217). Plaintiffs Giacometto Ranch Inc., Tom Giacometto, and Robert Giacometto (collectively "Plaintiffs" or "Giacomettos") filed a response. (Doc. 241). Denbury replied. (Doc. 246).

For the following reasons, the Court denies Denbury's motion.

## I. Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. *Agan v. BNSF Ry. Co.*, CV 19-83-BLG, 2022 WL 3700052, at *1 (D. Mont. Aug. 26, 2022). The Court shall exclude evidence in limine only if the evidence is inadmissible on all potential grounds. *Id.* Unless evidence meets this high standard, the Court shall defer evidentiary rulings until trial so that questions of foundation, relevancy, and potential prejudice are resolved in proper context. *Id.*

The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Rulings on motions in limine are provisional, and the trial judge may always change their mind during trial. *Luce v. United States*, 469 U.S. 38, 41 (1984).

A motion in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, CV-07-170-BLG, 2010 WL 4337827, at *1 (D. Mont. Oct. 26, 2010). "A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

## II. Analysis

Generally, only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Denbury moves to exclude evidence in the HydroSolutions expert report (the "Report") of the 3.71 acres[1] on the Giacomettos' property of "failed remediation/erosion" identified by HydroSolutions as needing reclamation ("Eroded Areas"). (Doc. 218 at 4). Denbury alleges that the Eroded Acres are not mentioned in the Fourth Amended Complaint ("FAC"), nor does the FAC assert damages for erosion. (*Id.*) Denbury argues that Plaintiffs should be precluded from providing testimony or evidence of the Eroded Areas. (*Id.*).

Denbury also argues that Plaintiffs did not comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii) or 26(e)(1), which requires Plaintiffs to disclose to Denbury "a computation of each category of damages," "documents or other evidentiary material" on which the computation is based, and any supplemental disclosures in a timely manner. (*Id.* at 6–7). Denbury asserts that Plaintiffs did not

1. Denbury points to seven locations not included in either the Third Amended Complaint or FAC that comprise the 3.71 acres: (1) 28-05 Road 2.5 acres; (2) 28-12 Failed reclamation .05 acres; (3) 22-2 road erosion .3 acres; (4) Erosion North of Airstrip .47 acres; (5) Erosion 1 Surface erosion .02 acres; (6) Erosion 2 near 29-15 .27 acres; and (7) Erosion 9 Surface erosion large cut on top of hill appears to be an abandoned road .1 acres. (Doc. 218 at 4).

disclose the additional damages in the Third Amended Complaint, which was filed 18 months after discovering the additional damages, nor did they add claims relating to the new areas of alleged damage in the FAC. (*Id.* at 8). Finally, Denbury argues that the statute of limitations has passed on asserting new damages. (*Id.* at 5). Denbury asserts that discovery issues such as this are for the Court, not the jury, to decide. (*Id.* at 9).

Plaintiffs respond that the FAC contains claims relevant to the Eroded Areas. Plaintiffs assert that the erosion at 28-05 Road (2.5 acres), 28-12 Failed reclamation (.5 acres), and Erosion 1 Surface erosion (.02 acres) relate to Count 4: Breach of Contract—Release Agreements. (Doc. 241 at 6–8). They further assert that 22-2 road erosion (.3 acres) and Erosion North of Airstrip (.47 acres) are relevant to Count 5: Breach of Oil and Gas Agreement. (*Id.* at 7–8). They finally assert that Erosion 2 near 29-15 (.27 acres) and Erosion 9 Surface erosion (.1 acres) relate to Count 3: Breach of Husky Agreement. (*Id.* at 9).[2]

On reply, Denbury asserts that Plaintiffs cannot vaguely refer to nuisance or erosion, and then "merely tack on new categories of damages for 'nuisance' or 'erosion' whenever it suits them to do so, regardless of what they actually have pled

2. Plaintiffs also argue that Denbury had knowledge of the Eroded Areas as early as November 19, 2021, when it received detailed analysis of those sites pursuant to both the Court's scheduling order and the expert witness disclosure. (*Id.* at 2). The Court finds this argument irrelevant because at issue is whether Plaintiffs properly pled the Eroded Areas in the FAC, not whether Denbury had knowledge of the Eroded Areas via the discovery process.

and/or disclosed." (Doc. 246 at 5). Further, Denbury asserts that none of Plaintiffs' breach of contract claims relate to erosion. (*Id.* at 6).

The Court finds that Denbury's first two arguments are improper. First, whether Plaintiffs' claims for erosion damages are barred by the statute of limitations is not a proper issue for a motion in limine, so the Court will not address that argument. Second, Denbury asks the Court to make its ruling under Federal Rule of Civil Procedure 26, which governs discovery, even though this motion is not a motion to compel or a motion for sanctions. (*See, e.g.,* Doc. 214 at 5–6).

Accordingly, the question before the Court is whether the evidence of the Eroded Areas is relevant to the FAC, namely, the breach of contract claims. *See* Fed. R. Evid. 402.

The Court finds the Eroded Areas relevant to the breach of contract claims. The Husky Agreement and Oil and Gas Agreement each include a provision that Denbury's predecessors in interest pay for "damages" caused by its operations. (*See* Doc. 39-8 ¶ 3; Doc. 94-2 at 1). The three Release Agreements each include a provision where Denbury agrees to "restore[]" the "disturbed land" "as weather and ground conditions permit." (Doc. 94-10 at 1; Doc. 94-11 at 1; Doc. 94-12 at 1; Doc. 94-13 at 1). The presence of erosion in the Eroded Areas makes it more likely that Denbury breached each of the agreements by causing and then not paying for "damage," as required by the contracts. *See* Fed. R. Evid. 402. Finally, whether

Denbury breached the various agreements by causing damage in the Eroded Areas and then failing to remediate the damage is a question for the jury, not a question for the Court to resolve in a motion in limine.

## III. Conclusion

IT IS SO ORDERED that Denbury's Motion in Limine on Evidence of Areas of Damage that are not Included in the Fourth Amended Complaint (Doc. 217) is DENIED.

DATED the 26th day of March, 2024.

Susan P. Watters
SUSAN P. WATTERS
U.S. DISTRICT JUDGE