IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GIACOMETTO RANCH INC. a Montana Corporation, TOM GIACOMETTO, a resident of Montana, and ROBERT GIACOMETTO, a resident of South Dakota, <br><br> Plaintiffs, <br><br> vs. <br><br> DENBURY ONSHORE LLC, a Delaware Corporation, and DENBURY OPERATING COMPANY, a Delaware Corporation, <br><br> Defendants. | CV 16-145-BLG-SPW-KLD <br><br> ORDER |

This matter is currently before the Court on Plaintiffs Giacometto Ranch

Inc., Tom Giacometto and Robert Giacometto's ("Giacomettos") application for an

award of attorney fees and costs incurred in bringing their motion for sanctions

based on Defendants Denbury Onshore LLC and Denbury Operating Company's

("Denbury") spoliation of text messages. (*See* Docs. 255 and 269). In its January

19, 2024 Order, the Court granted Giacomettos' request for fees, and thereafter

required Plaintiffs to submit attorney affidavits and billing timesheets to support

their request. (Docs. 263 and 264). Denbury was provided the opportunity to respond to Giacomettos' request, and the request is now ripe for ruling.

As the parties are familiar with the background of this discovery dispute, the Court summarizes only those facts necessary to determine the amount of attorney fees owed to Giacomettos as the prevailing parties in connection with the spoliation of text messages on Denbury employees' phones. After oral argument and two status conferences, the Court granted Giacomettos' Motion to Compel (Doc. 107) in part, ordering production of the ArcGIS map and denying all other requests as moot. (Doc. 161). The Court's ruling was based, in part, on the parties' failure to inform the Court, prior to the issuance of Doc. 107, that any outstanding issues remained as to the text messages. Giacomettos timely objected to the portion of the Court's ruling that related to their ability to later seek fees for sanctions if Denbury did not produce materials it had agreed to produce.

Five months later, Giacomettos filed their motion seeking sanctions for a number of reasons, including the spoliated text messages. (Doc. 169). In its Order, the Court agreed that sanctions were warranted because Denbury failed to implement appropriate safeguards to ensure the text messages were preserved, but did not agree that the failure was intentional. (Doc. 255 at 10). The Court further agreed that a permissive inference instruction was warranted, but denied all other

relief sought in Giacomettos' motion.

Giacomettos seek $20,095.93 in attorney fees and costs related to both their motion to compel and motion for sanctions. They reason that the total attributed to both motions is $100,479.66, based on a word search of billing records for the two law firms representing them. (Doc. 269 at 2-3). Giacomettos further reason that based on the number of words in all of the briefing attributed to sections arguing the spoliation issue, 24% of the briefing was devoted to spoliation. Finally, they assert that 20% of the total billing is a reasonable estimate of the fees, and further claim $1,306.91 in travel costs incurred to travel to the November 29, 2023 hearing.

Denbury objects to this amount, arguing that Giacomettos did not prevail on the majority of the issues in the briefing, and that the use of block-billing prevents Denbury and the Court from meaningfully separating out fees attributable to the spoliation issue and other, redacted and unredacted, tasks contained in block-billed amounts. Denbury also takes issue with the inclusion of any fees attributable to the motion to compel, arguing the parties did not know of the actual spoliation of text messages until after the motion to compel was ruled upon by the Court. Denbury suggests an award of $5,000, or alternatively, 20% of the fees attributable to the motion for sanctions, which is $9,720.55.

As an initial matter, the Court notes that although counsel for Giacomettos represented he would provide a courtesy copy of unredacted relevant time entries, this was not filed and so the Court is left to decipher redacted timesheets from both law firms representing Giacomettos in this case. Both firms block-bill to some extent, further calling into question whether the entire $100,479.66 is truly attributable to the motions filed by Giacomettos or a mixed bag of other tasks lumped together.

As an example, on May 26, 2023, there is a billing entry for Attorney Braaten for attending a settlement conference, calling a redacted named person, two "reviews" of redacted information, and "begin drafting reply brief re: motion for sanctions." (Doc. 269-1 at 68). Ostensibly this entry, for 7.2 hours, was included in the total amount because the reply brief was worked on during the mediation, but it certainly is not reasonable to seek fees for attending a mediation and reviewing unrelated documents. Because the entry is block-billed, the Court has no way to discern the appropriate breakdown of the fees.

Additionally, there is an entry on September 27, 2023 related to a call with "Tom" regarding mostly redacted information and the hearing set in November, as well as a conference with paralegal Price regarding redacted information. (Doc. 269-1 at 79). This entry, for 5.5 hours, cannot reasonably be attributed to the

motions, as it is extremely unlikely that Attorney Braaten had a 5.5 hour phone call

to explain that the hearing was going to be in November. This entry in particular is

troubling, as paralegal Price has a similarly worded entry for the same day, and

charged only .50 hours. Again, because of how the billing was done and the

redactions in place, the Court has no meaningful way to separate out fees which

should properly be included in an amount attributable to the motions, and those

which should not. The Court additionally cannot divine if the five hour difference

is due to an additional task, or whether such a task was related to the motions.

The party seeking to recover fees bears the burden of submitting sufficient

evidence to support the hours worked and the rates claimed. *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983). When a motion is granted in part and denied in part, the

Court may apportion the reasonable expenses after giving the parties a chance to be

heard. F. R. Civ. P. 37(a)(5)(C). There is no issue with the rates charged by any of

the attorneys or staff, but the practice of block-billing, together with the redactions,

has impeded the Court's ability to meaningfully discern whether the amount

claimed is truly related only to the motions at issue. However, it is undisputed that

Denbury's spoliation of the text messages resulted in increased attorney fees to

Giacomettos, and it is reasonable to require Denbury to reimburse Giacomettos for

those additional fees as a result of its conduct. After considering all of the facts, the

5

Court finds that an award of $10,000.00 is a reasonable apportionment of attorney fees for the spoliation of the text messages. Accordingly,

**IT IS HEREBY ORDERED** that Denbury shall pay to Giacomettos the sum of $10,000.00, which represents a reasonable apportionment of attorney fees expended by Giacomettos in addressing the issue of spoliated text messages. Denbury shall have until **May 3, 2024** to remit this amount to counsel for Giacomettos.

DATED this 5th day of April, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge

6